# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARISSE ABOLEDA MARASIGAN, as the Administrator of the Estate of Susan Tagao Buena Loyola,<br><br>Plaintiff,<br><br>v.<br><br>MIDFIRST BANK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  23-cv-00634-H-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH 30 DAYS LEAVE TO AMEND**<br><br>[Doc. No. 2.] |

On March 6, 2023, Plaintiff Sharisse Aboleda Marasigan, as the Administrator of the Estate of Susan Tagao Buena Loyola ("Plaintiff") filed a complaint against Defendants MidFirst Bank and Does 1 through 10 (collectively, "Defendants") in the Superior Court of California, County of San Diego.  (Doc. No. 1.)  On April 7, 2023, Defendant MidFirst Bank filed a notice of removal pursuant to 28 U.S.C. § 1441.  (Doc. No. 1.)  On April 14, 2023, Defendant filed the present motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 2.)  On May 2, 2023, Plaintiff filed an opposition to Defendant's motion to dismiss.  (Doc. No. 3.)  On May 5, 2023, Defendant filed a reply in support of its motion.  (Doc. No. 4.)

On May 15, 2023, the Court held a hearing on the motion to dismiss.  Fernando

Leone appeared on behalf of the Plaintiff.  Melissa Coutts appeared on behalf of the Defendant.  For the reasons below, the Court grants Defendant's motion to dismiss and grants Plaintiff 30 days leave to amend to cure the deficiencies in the complaint.

## BACKGROUND

The following allegations are taken from Plaintiff's complaint.  This action concerns real property located at 3476 Rosa Linda Street, San Diego, CA 92145 ("Subject Property").  (Compl. ¶ 1.)  On or about April 24, 2018, Plaintiff's late parents, Donald E. Brown and Elvira T. Brown, obtained a mortgage loan on the Subject Property in the amount of $305,000.00 secured by a deed of trust.  (Compl. ¶ 9.)  Donald E. Brown passed away on January 3, 2019, and Elvira T. Brown passed away on September 7, 2019.  (Compl. ¶ 10.)  Plaintiff alleges that after the passing of his parents, he attempted to contact Defendant to obtain a debt validation and a loan modification, but Defendant did not respond to him.  (Compl. ¶ 11.)  On or about April 27, 2022, the deed of trust was assigned to MidFirst Bank as beneficiary and this assignment was recorded with the county of San Diego.  (Compl. ¶ 12.)

On or about June 1, 2022, a notice of default and election to sell under a deed of trust was recorded with the county of San Diego.  (Compl. ¶ 13.)  On or about September 13, 2022, a notice of trustee's sale was recorded with the county of San Diego.  (Compl. ¶ 14.)  The sale date was set for October 21, 2022.  (Compl. ¶ 14.)  Plaintiff alleges that on January 4, 2023, he was appointed as the administrator of the estate of his mother, Elvira T. Brown.  (Compl. ¶ 15.)  Plaintiff alleges that following his appointment as administrator, he forwarded the letters of administration to Defendant, but Defendant would not communicate with plaintiff regarding the loan.  (Compl. ¶ 15.)  The Subject Property was sold on January 27, 2023.  (Compl. ¶ 14.)

On March 6, 2023, Plaintiff filed suit in the Superior Court of California, County of San Diego, alleging ten causes of action: failure to notify the homeowner about a notice of default under Cal. Civil Code § 2923.5; lack of authority to foreclose under Cal. Civil Code § 2924(a)(1); failure to provide homeowner with foreclosure alternatives under Cal. Civil

Code § 2924.9; violations of the Truth in Lending Act, 12 C.F.R. §§ 1026.20, 1024.35, 1024.38; negligence; wrongful foreclosure; unfair business practices in violation of Bus. & Prof. Code §17200, et seq; and cancellation of written instruments under Cal. Civ. Code § 3412.  (Compl. ¶¶ 18-99.)

## DISCUSSION

### I.    Legal Standard for 12(b)(6) Motion to Dismiss

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "The theory of Rule 8(a), and of the federal rules in general, is notice pleading."  Starr v. Baca, 652 F.3d 1202, 1212 (9th Cir. 2011).   The complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted.  See Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011).  In reviewing a Rule 12(b)(6) motion to dismiss, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead enough facts "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "[A] formulaic recitation of a cause of action's elements will not do."  Id.  Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or

sufficient facts to support a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possible cure the deficiency.'" <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992) (quoting <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.   Analysis

### A. Plaintiff's Causes of Action Under the California Homeowner Bill of Rights

Plaintiff alleges that Defendant violated sections 2923.5, 2924(a)(1), and 2924.9 of the California Homeowner Bill of Rights.  (Compl. ¶¶ 18-34.)  In his reply, Plaintiff withdraws his cause of action for violation of California Civil Code § 2924(a)(1).  (Doc. No. 3. at 5-6.)  Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's second cause of action.  The Court addresses Plaintiff's claims under sections 2923.5 and 2924.9 in turn.

#### 1.  <u>California Civil Code § 2923.5</u>

Plaintiff alleges that Defendant violated California Civil Code § 2923.5 by failing to contact Plaintiff before issuing a notice of default.  (Compl. ¶¶ 18-22.)  Defendant contends that because Plaintiff was not appointed as the administrator of the decedents' estate until January 4, 2023 – seven months after the notice of default was issued – Defendant had no obligation to contact Plaintiff prior to issuing the notice of default.  (Doc. No. 2. at 3-4.) Defendant asserts that Plaintiff was not a "borrower" as defined in the California Homeowner Bill of Rights, and thus, Plaintiff had no enforceable rights with respect to foreclosure prevention alternatives under this statute.  (Doc. No. 2. at. 4.)  Plaintiff argues that he is a "borrower" because the term "borrower" includes any successor-in-interest of the trustor or mortgagor to the real property.  (Doc. No. 3. at 5.)

Under this statute, a loan servicer shall contact the borrower to discuss the

23-cv-00634-H-MSB

borrower's financial situation and explore options to avoid foreclosure 30 days before recording a notice of default.  Cal. Civ. Code § 2923.5(a)(1).  Where an individual does not meet the definition of "borrower" under subdivision (c) of California Civil Code § 2920.5, no contact is required prior to the recording of a notice of default.  Cal. Civ. Code § 2923.5(b).  California Civil Code § 2920.5 provides a definition of "borrower" for purposes of § 2923.5.  Under California Civil Code § 2920.5(c), "borrower" is "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer."  Cal. Civ. Code § 2920.5(c).  Plaintiff does not argue that he is a "mortgagor or trustor."  Rather, Plaintiff argues that "borrower" also encompasses successors in interest.

Plaintiff attempts to rely on California Civil Code §§ 2929.5(e)(1) and 2920.7(e)(1) to argue that successors in interest have enforceable rights under California Civil Code § 2923.5.  (Doc. No. 3. at 5-6.)  California Civil Code § 2929.5 pertains to the inspection of real property "for the purpose of determining the existence, location, nature, and magnitude . . . of any hazardous substance."  Cal. Civ. Code § 2929.5(a).  For purposes of California Civil Code § 2929.5, the term "borrower" does include "any successor-in-interest of the trustor or mortgagor to the real property."  Cal. Civ. Code § 2929.5(e)(1).  However, Plaintiff is not alleging a violation of California Civil Code § 2929.5, so the definition of "borrower" for the purpose of that statute is inapplicable here.  Notably, the fact that the legislature explicitly clarified that a successor-in-interest is a "borrower" for the purposes of § 2929.5 lends further credence to the argument that the legislature did not intend for a successor-in-interest to be a "borrower" for purposes of § 2923.5.  Plaintiff also cites to California Civil Code § 2920.7(e)(1).  California Civil Code § 2920.7 was repealed on January 1, 2020, and is also inapplicable to the present matter.  Cal. Civ. Code § 2920.7.

The Court concludes that under the plain language of the statute, "borrower," for purposes of California Civil Code § 2923.5, does not include successors-in-interest. Accordingly, Defendant was not obligated to contact Plaintiff prior to recording a notice

of default.

## 2. California Civil Code § 2924.9

Plaintiff alleges that Defendant violated California Civil Code § 2924.9 by failing to notify Plaintiff of all foreclosure prevention alternatives within five days after recording a notice of default. (Compl. ¶¶ 31-34.) Defendant contends that Plaintiff's claim fails because, like in Plaintiff's first cause of action under California Civil Code § 2923.5, Plaintiff is not a "borrower" for purposes of this statute. (Doc. No. 2. at 4.) Plaintiff argues that he is a "borrower" with respect to this statute. (Doc. No. 3. at 9.)

As with California Civil Code § 2923.5, California Civil Code § 2920.5 provides a definition of "borrower" for purposes of § 2924.9. Under California Civil Code § 2920.5(c), "borrower" is defined as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5(c). The definition of "borrower," for purposes of § 2924.9, does not include successors-in-interest under the plain language of the statute. Accordingly, Defendant was not obligated to provide Plaintiff information regarding foreclosure prevention alternatives within five days of recording a notice of default.

### B. Plaintiff's Causes of Action Under the Truth in Lending Act

Plaintiff alleges three causes of action under the Truth in Lending Act for violations of 12 C.F.R. §§ 1026.20, 1024.35, and 1024.38. (Compl. ¶¶ 35-57.) The Court addresses each in turn.

## 1. 12 C.F.R. § 1026.20

Plaintiff alleges that he was not given the right for assumption as is required. (Compl. ¶ 37.) Under the same cause of action, Plaintiff also alleges that Defendant violated 12 C.F.R. § 1026.41 by failing to provide Plaintiff with periodic loan statements. (Compl. ¶¶ 38-40.) Defendant contends that a loan servicer is not required to make disclosures under § 1026.20 unless and until the successor has assumed the loan or provided the loan servicer with written acknowledgment. (Doc. No. 2 at 5.) Defendant

contends that Plaintiff fails to cite any statute that requires Defendant to allow Plaintiff to assume the loan, nor does Plaintiff allege that he applied for assumption. (Doc. No. 2. at 5.)  As to Plaintiff's contentions under § 1026.41, Defendant again notes that the loan servicer is not required to provide periodic statements unless and until a successor in interest has assumed the loan or provided the loan servicer with written acknowledgement. (Doc. No. 2. at 6.)  In his opposition to Defendant's motion to dismiss, Plaintiff does not address Defendant's arguments with respect to his cause of action under 12 C.F.R. § 1026.20.

The Truth in Lending Act sets forth disclosure requirements under Regulation Z. See 12 C.F.R. §§ 1026.20, 1026.41.  Both 12 C.F.R. § 1026.20(f) and 12 C.F.R. § 1026.41(g) state that "[i]f, upon confirmation, a servicer provides a confirmed successor in interest who is not liable on the mortgage loan obligation with a written notice and acknowledgement form . . . the servicer is not required to provide to the confirmed successor in interest any written disclosure . . . unless and until the confirmed successor in interest either assumes the mortgage loan obligation under State law or has provided the servicer an executed acknowledgement in accordance with Regulation X, § 1024.32(c)(1)(iv)."  For purposes of these sections, a "confirmed successor in interest" is a successor in interest whose "identity and ownership interest in the dwelling" has been confirmed by the servicer.  12 C.F.R. § 1026.2(a)(27)(ii).

As stated in the complaint, Plaintiff was appointed administrator of the estate on January 4, 2023.  (Compl. ¶ 15.)  Prior to this time, he could not have been considered a "confirmed successor in interest."  In his complaint, Plaintiff does not allege that he was a "confirmed successor in interest."  Plaintiff also does not allege that he assumed the loan or applied to assume the loan.  Accordingly, the Court concludes that Plaintiff's complaint fails to allege facts sufficient to state a cause of action under §§ 1026.20 and 1026.41 of the Truth in Lending Act.

/ / /

/ / /

2.  <u>12 C.F.R. § 1024.35</u>

Plaintiff alleges that Defendant failed to provide Plaintiff written information regarding the loan in violation of 12 C.F.R. § 1024.35.  (Compl. ¶¶ 43-49.)  This section of the Truth in Lending Act sets forth requirements for servicers who receive written notice from a borrower asserting an error.  12 C.F.R. § 1024.35.  Plaintiff does not allege that he submitted any written notice of error to Defendant.  Thus, Plaintiff fails to state facts sufficient to allege that Defendant had any obligations under 12 C.F.R. § 1024.35.

3.  <u>12 C.F.R. § 1024.38</u>

Plaintiff alleges that Defendant failed to perform the required due diligence to confirm the identity of Plaintiff and that Defendant failed to properly evaluate any loss mitigation applications or provide Plaintiff information to complete loss mitigation in violation of 12 C.F.R. § 1024.38.  (Compl. ¶¶ 50-57.)  12 C.F.R. § 1024.38 requires a servicer to maintain policies and procedures reasonably designed to achieve a list of enumerated objectives.  This section states that the policies and procedures should be reasonably designed to ensure, among other things, that a servicer can confirm a potential successor in interest's identity and ownership interest in the property.  12 C.F.R. § 1024.38(b)(vi).

Defendant contends that § 1024.38 does not create a private right of action, and this Court agrees. <u>See</u> <u>Estate of Brantner v. Ocwen Loan Servicing, LLC</u>, 2021 WL 3053055, at *3 (W.D. Wash. July 20, 2021) (concluding that 12 C.F.R. § 1024.38 does not create a private right of action and citing cases finding the same).  Indeed, in its final rule adopting this regulation, the Consumer Financial Protection Bureau stated that it restructured the final rule such that it does not provide private liability for violations of § 1024.38.  <u>See 78 Fed. Reg. 10778-10779.</u> Instead, the Bureau noted that "supervision and enforcement by the Bureau and other Federal regulators for compliance with and violation of § 1024.38 respectively, would provide robust consumer protection without subjecting servicers to the same litigation risk and concomitant compliance costs as civil liability for asserted violations of § 1024.38." <u>Id.</u>  Accordingly, no cause of action can be stated for an alleged

8

violation of 12 C.F.R. § 1024.38.

### C. Plaintiff's Cause of Action for Negligence

Plaintiff alleges a cause of action for negligence against Defendant.  (Compl. ¶¶ 58-70.)  Plaintiff asserts that Defendant was required to discuss foreclosure alternatives or loan modifications with him, and that Defendant was negligent in failing to do so.  (Doc. No. 3. at 10-11.)    Plaintiff asserts that Defendant owed Plaintiff a duty of care because Defendant's "activities violated affirmative statutory duties extrinsic to loan modification." (Compl. ¶ 67.)  Defendant contends that a loan servicer does not owe a borrower a tort duty of care.  (Doc. No. 2. at 7-8.)  Defendant further contends that Plaintiff cannot state a cause of action for negligence because Defendant's role as beneficiary was "purely contractual." (Doc. No. 2. at 7.)

The California Supreme Court recently addressed whether a lender owes a borrower "a tort duty sounding in general negligence principles to process, review and respond carefully and completely to [a borrower's] loan modification application."  Sheen v. Wells Fargo Bank, N.A., 12 Cal. 5th 905, 915 (2022) (internal quotation marks omitted). "[D]eclin[ing] plaintiff's invitation to become the first state high court to create a judicial rule imposing a duty on lenders to exercise due care in processing, reviewing and responding to loan modification applications," the court held that such tort duty does not exist.  Id. at 948.  Following the decision in Sheen, the Ninth Circuit has affirmed the dismissal of negligence claims noting that although "[California Homeowner Bill of Rights] creates statutory duties concerning certain modification applications, it does not create a common-law duty."  Marcus v. Nationstar Mortgage LLC, 2022 WL 1486831, at *1 (9th Cir. May 11, 2022).  See also Hahn v. Select Portfolio Servicing, Inc., 2023 WL 3051848, at *1 (9th Cir. Apr. 24, 2023) (concluding that Sheen controls, and therefore the district court properly granted summary judgment to the defendant).  Because Plaintiff has failed to allege that Defendant owed a duty of care cognizable under California law, Plaintiff's negligence cause of action fails as a matter of law and must be dismissed.

/ / /

### D. Plaintiff's Cause of Action for Wrongful Foreclosure

Plaintiff asserts a cause of action for wrongful foreclosure based on Defendant's alleged violations of California Civil Code §§ 2923.5, 2924(a)(1), and 2934a(a)(1). (Compl. ¶¶ 71-77.)  Defendant argues that for the same reasons that Plaintiff's statutory claims fail, Plaintiff has not identified any error in the foreclosure process that would give rise to a wrongful foreclosure claim against Defendant.  (Doc. No. 2. at 8.)

To state a claim for wrongful foreclosure, Plaintiff must allege (1) that the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of property, (2) that the plaintiff was prejudiced or harmed, and (3) that the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.  Sciarratta v. U.S. Bank National Ass'n, 247 Cal. App. 4th 552, 561-62 (2016).  "[M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case."  Id.  (quoting Miles v. Deutsche Bank Nat'l Trust Co., 236 Cal. App. 4th 394, 409 (2015)).

Plaintiff has failed to state a cause of action for violations of California Civil Code §§ 2923.5, 2924(a)(1).  Plaintiff has also not plead a cause of action for a violation of California Civil Code § 2934a(a)(1).  Because Plaintiff has failed to allege that Defendant violated the California Homeowner Bill of Rights, Plaintiff has failed to allege that Defendant caused an illegal, fraudulent, or willfully oppressive sale of property. Accordingly, Plaintiff has failed to allege a claim for wrongful foreclosure.  See Hart v. Servicing, 2016 WL 5334647, at *6 (C.D. Cal. Sept. 19, 2016) (dismissing plaintiffs' claim for wrongful foreclosure where plaintiffs failed to allege a violation of the California Civil Code).

### E. Plaintiff's Unfair Competition Law Claim

Plaintiff asserts a cause of action under § 17200 of the California Business and Professions Code, also known as the Unfair Competition Law (UCL).  Under the UCL, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The statute as written is disjunctive, and

"[e]ach prong of the UCL is a separate and distinct theory of liability." <u>Lozano v. AT&T Wireless Servs., Inc.</u>, 504 F.3d 718, 731 (9th Cir. 2007).  In his complaint, Plaintiff alleges that Defendant violated the unlawful, unfair, and fraudulent prongs of the UCL.  (Compl. ¶ 83.)  Plaintiff alleges that Defendant violated the California Homeowner Bill of Rights, that Defendant negligently made false representations, that Defendant implemented a flawed loss mitigation review process, and that Defendant violated 15 U.S.C. § 1641(g) by failing to advise homeowners within 30 days that their deed of trust was transferred or assigned to a third party.  (Compl. ¶¶ 78-95.)  Defendant contends that Plaintiff's UCL claim fails because the causes of action for alleged violations relied upon as a predicate for a cause of action under the UCL fail.  (Doc. No. 2. at 9.)  Defendant also contends that Plaintiff lacks standing to assert a claim under the UCL because he has not alleged facts showing that he suffered an "injury in fact" and has "lost money or property as a result of such unfair competition."  (Doc. No. 2. at 9.)  The Court will first address whether Plaintiff has standing and will then address each alleged violation.

Defendant argues that Plaintiff lacks standing under the UCL because he does not allege facts showing that a loss of money or property was caused by Defendant's alleged UCL violations.  (Doc. No. 2. at 9.)  Plaintiff contends that he has standing because he alleged that he has been wrongfully deprived of his home and incurred fees as a result of premature foreclosures proceedings.  (Doc. No. 3. at 12.)  There is a two-part test for standing under the UCL: a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 322 (2011).  Plaintiff alleges that he had "a present or future property interest diminished."  <u>See</u> <u>id.</u>  Plaintiff alleges that as a result of Defendant's actions, Plaintiff suffered loss of the equity in the subject property and the costs of seeking a remedy to the allegedly premature foreclosure proceedings.  (Compl. ¶ 93.)  Plaintiff has adequately alleged an economic injury.

In addition to alleging an economic injury, Proposition 64, which amended the UCL to limit standing, "imposes a causation requirement." Hall v. Time Inc., 158 Cal. App. 4th 847, 855 (2008).  "For claims based on the 'unfair' or 'unlawful' prong of the UCL, courts have held that the plaintiff need not allege reliance on misrepresentations, but must allege causation more generally." Lorenzo v. Qualcomm Inc., 2009 WL 2448375, at * 6 (S.D. Cal. Aug. 10, 2009) (internal quotation marks omitted).  Here, Plaintiff alleges that Defendant failed to timely and properly evaluate Plaintiff for a loan modification and failed to timely and properly communicate with Plaintiff in advance of foreclosure proceedings. (Compl. ¶¶ 81, 87-90.)  Plaintiff alleges that as a result of these acts, Plaintiff suffered economic loss.  (Compl. ¶ 93).  The Court concludes that Plaintiff sufficiently plead causation for his UCL claims based on the unfair and unlawful prongs.  However, "[f]or claims based on the 'fraudulent' prong of the UCL, courts have held that the plaintiff must allege that the plaintiff justifiably relied on the purported misrepresentations." Lorenzo, 2009 WL 2448375, at *6; see also In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009) (concluding that Proposition 64 imposes an "actual reliance requirement" on plaintiffs under the UCL).  Plaintiff's complaint contains mere conclusory allegations that Defendant "negligently made false representations," but fails to identify what these alleged misrepresentations were.  (Compl. ¶ 82.)  Although Plaintiff is not required to plead the exact language of every allegedly deceptive statement, here, Plaintiff fails to allege any false representation made by Defendant.  See Committee On Children's Television, Inc. v. General Foods Corp., 35 Cal. 3d 197, 212-13 (1983) (finding plaintiff's alleged misrepresentations sufficient although some were general while others were specific). Thus, to the extent that Plaintiff seeks to assert a claim under the UCL based on fraudulent misrepresentations, the Court concludes that Plaintiff has not adequately plead standing. Because Plaintiff has not adequately alleged standing sufficient to state a claim under the 'fraudulent' prong of the UCL, the Court will assess only whether Plaintiff has sufficiently alleged claims under the 'unlawful' and 'unfair' prongs of the UCL.

Plaintiff alleges that Defendant committed unlawful business practices by violating

numerous sections of the California Homeowner Bill of Rights.  (Compl. ¶¶ 81, 88-89.)  "A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law."  Ingels v. Westwood One Broadcasting Services, Inc., 129 Cal. App. 4th 1050, 1060 (2005) (internal quotations omitted).  The Court concludes that Plaintiff has not stated a cause of action for a violation of the California Homeowner Bill of Rights.  To the extent Plaintiff attempts to assert a violation of 15 U.S.C. § 1641(g) for the first time within his UCL cause of action, the Court concludes that Plaintiff has failed to sufficiently allege a violation of 15 U.S.C. § 1641(g).  Because Plaintiff has not adequately plead a violation of an underlying statute or law, there is "no lawful act upon which to base the derivative unfair competition claim."  See Ingels, 129 Cal. App. 4th at 1060.  Accordingly, Plaintiff has failed to state a cause of action under the UCL unlawful prong.

Plaintiff also alleges that Defendant violated the 'unfair' prong of the UCL through Defendant's "acts of negligent servicing and blaming Plaintiff for its own mistakes." (Compl. ¶¶ 78-92; Doc. No. 3. at 13.)  "The UCL does not define the term 'unfair.'  In fact, the proper definition of 'unfair' conduct against consumers 'is currently in flux' among California courts."  Hodsdon v. Mars, Inc. 891 F.3d 857, 866 (9th Cir. 2018) (internal quotation marks and citations omitted).  Prior to Cel-Tech, 'unfair' conduct was that which "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  S. Bay Chevrolet v. Gen. Motors Acceptance Corp., 71 Cal. App. 4th 861, 886 (1999).  South Bay created a balancing test in which courts must consider the allegedly unfair act's "impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer."  Id.  The California Supreme Court, in Cel-Tech, held that the balancing test was "too amorphous" and instead defined 'unfair' conduct as that which "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition."  Cel-Tech Communications, Inc. v. Los

Angeles Cellular Telephone Co., 20 Cal. 4th 163, 185-87 (1999).  However, the California Supreme Court "expressly limited its new test to actions by competitors alleging anti-competitive practices."  Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1170 (9th Cir. 2012).  Courts in California are split on whether to apply the definition of unfair conduct from Cel-Tech in actions brought by consumers, or whether to apply the balancing test from South Bay. See Davis, 691 F.3d at 1170; see also Hodsdon, 891 F.3d at 867 (analyzing plaintiff's claims under both tests for the unfair prong of the UCL).

Here, the Court concludes that Plaintiff fails to state a claim under either test for the unfair prong.  Under Cel-Tech, Plaintiff fails to allege any facts to support a claim that Defendant's actions would harm competition or violate antitrust laws.  Under South Bay, Plaintiff's allegations do not describe conduct so "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" that it outweighs the "justifications and motivations of the alleged wrongdoer."  Plaintiff was not appointed administrator of the estate until seven months following the notice of default and Plaintiff has failed to allege that Defendant violated the California Homeowner Bill of Rights. (Compl. ¶¶ 14-15.)  The allegations in the complaint fail to state a claim under the unfair prong of the UCL under either the Cel-Tech or South Bay test.

### F.  Plaintiff's Cause of Action for Cancellation of Written Instruments

Finally, Plaintiff asserts a cause of action for cancellation of written instruments arguing that the notice of default and notice of trustee's sale are voidable or void ab initio. (Compl. ¶¶ 96-99.)  Defendant argues that Plaintiff fails to allege facts supporting his claim that the written instruments are voidable or void ab initio.  (Doc. No. 2. at 8.)

A "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412.  To state a claim for cancellation of written instruments, a plaintiff "must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial

alteration of one's position." <u>U.S. Bank National Ass'n v. Naifeh</u>, 1 Cal. App. 5th 767, 778 (2016). "[T]o state a claim for cancellation of written instruments, Plaintiff must plausibly allege that the document Plaintiff wishes to cancel is invalid." <u>Parker-Bokelman v. Specialized Loan Servicing LLC</u>, 2019 WL 4418818, at *7 (C.D. Cal. Mar. 4, 2019). Plaintiff asserts in conclusory fashion that the written instruments are "voidable or void ab initio" and that should these written instruments be left outstanding, Plaintiff would be injured due to the written instrument's violations of California Civil Code §§ 2923.5, 2924(a)(1), 2934a(a)(1), 2924a(e), 2923.6(c), 2923.7, 2924.9, and 2924.10. (Compl. ¶¶ 97-98.)  It is unclear from Plaintiff's complaint whether he is alleging that the above violations render the written instruments voidable or void ab initio.  Because it is unclear from Plaintiff's complaint why the written instruments are void or voidable, Plaintiff has not plausibly alleged why the documents are invalid.  Accordingly, Plaintiff has failed to sufficiently plead facts to state a claim for cancellation of written instruments.

## <u>CONCLUSION</u>

The Court concludes that Plaintiff has failed to adequately plead facts to state a cause of action against Defendant.  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's complaint and grants Plaintiff 30 days leave to amend to cure the deficiencies in the complaint if he can do so.

**IT IS SO ORDERED.**

DATED: May 15, 2023

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT